UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM CALLAS, THOMAS CASSESE, and NATALIE FERD,

                Plaintiffs,

        - against -

S&P GLOBAL, INC.,

                Defendant.

**ORDER**

19 Civ. 1478 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        This is an ERISA action in which Plaintiffs Callas, Cassese, and Ferd contend that Defendant S&P Global, Inc. improperly terminated their employment and denied them severance benefits under its Separation Pay Plan. (Cmplt. (Dkt. No. 1) ¶¶ 21-22) On March 3, 2020,[1] Defendant S&P Global, Inc. moved to file under seal the administrative record in this case.[2] (Def. Mot. (Dkt. No. 40))

        On March 16, 2020, this Court directed the parties to file an exhibit-by-exhibit justification for sealing, pursuant to Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). (Order (Dkt. No. 44))

        In a March 23, 2020 response, Defendant states that "'the privacy interests of those resisting disclosure' may be a countervailing factor in determining the weight of the presumption of access of the public to judicial documents." (March 23, 2020 Def. Response (Dkt. No. 45) at 1 (citing Lugosch, 435 F.3d at 120)) Defendant then describes each document

---

[1] The motion is dated February 25, 2020, but was filed on March 3, 2020. (Def Mot. (Dkt. No. 40))

[2] Defendant reports that it contacted Plaintiffs about the instant motion, and that Plaintiffs "expressed no objection to filing the administrative record under seal." (Dkt. No. 40)

included within the administrative record and asserts that each document contains "private," "sensitive," and/or "confidential" information regarding each Plaintiff's employment and severance pay.  (Id. at 2-6)  Defendant also asserts that the Separation Pay Plan documents found in the administrative record were "available and provided confidentially only to participants and prospective participants" in Defendant's Separation Pay Plan.  (Id. at 2, 4, 5)

The administrative record submitted by Defendant consists of each Plaintiff's entire claim file.  (Id. at 2)  These claim files include, for each Plaintiff, copies of Defendant's Separation Pay Plan and Summary Plan Descriptions, documents discussing the bases for Plaintiffs' terminations, and communications between Plaintiffs' attorneys and various Plan Administrators, Claims Administrators, and Appeals Reviewers relating to Plaintiffs' claims for severance benefits.[3]  (Id. at 2-6)

On April 10, 2020, Defendant moved to seal the appendix to its Local Rule 56.1 statement, which consists of the administrative record.  Defendant again asserts that the administrative record "contains sensitive, personal information regarding Plaintiffs['] . . . employment with Defendant."  (Def. Mot. (Dkt. No. 53); Reynolds Decl. (Dkt. No. 54) ¶¶ 4-5))

As this Court noted in its March 16, 2020 Order, the documents making up the administrative record are plainly "judicial documents," because they will be the basis for this Court's determination.  "Once the court has determined that the documents are judicial documents . . . it must determine the weight of th[e] presumption [of judicial access]. . . . [Then,] the court must balance competing considerations against [that presumption]."  Lugosch, 435 F.3d at 119-20.

---

[3] Neither side has argued that sealing is appropriate on privilege grounds.

Here, Defendant's justifications for sealing are insufficient under Lugosch.  The administrative record does not contain the type of confidential, personal information that would ordinarily be subject to sealing.  Although Defendant contends that sealing is appropriate because the administrative record includes references to Plaintiffs' separation pay and job performance, Plaintiffs – who challenge their terminations – have put their job performance at issue.  (See Cmplt. (Dkt. No. 1) ¶¶ 21, 102, 103, 115, 116, 128, 129)  Documents describing Plaintiffs' job performance, the reasons for their terminations, and the terms of their severance are thus likely to "'directly affect [the] adjudication'" of this matter.  Lugosch, 435 F.3d at 119 (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995))  Accordingly, the presumption of public access carries significant weight.  Id.

As to the Summary Plan Descriptions, Defendant provides no explanation as to the privacy interests that would be affected by public access to these documents.  Indeed, Defendant's submission indicates that these documents have been distributed to a large number of employees.  Defendant has pointed to nothing suggesting that these employees were obligated to maintain the Summary Plan Descriptions as confidential.

Having weighed the presumption of public access against the privacy concerns that Defendant has raised, this Court concludes that Defendant has not met the standard for sealing set forth in Lugosch.

Accordingly, Defendant's motions to file the administrative record and Local Rule 56.1 appendix under seal are denied.  The Clerk of Court is directed to terminate the motions (Dkt. Nos. 40, 53) and to place the administrative record and appendix (Dkt. Nos. 27-39,

3

55-58, 63-65) on the public docket.

Dated: New York, New York
      February 12, 2021

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

4